(Reap. Dec. 9260)

J. OSSOLA CO., INC., ET AL. v. UNITED STATES

Entry No. 814068, etc.

(Decided November 24, 1958)

Lane, Young & Fox (William Whyman of counsel) and Barnes, Richardson & Colburn (E. Thomas Honey and Hadley S. King of counsel) for the plaintiffs.

George Cochran Doub, Assistant Attorney General (Daniel I. Auster, trial attorney), for the defendant.

DONLON, Judge: The appeals to reappraisement listed in schedule A, attached to and made a part of this decision, have been consolidated with reappraisement 281439–A. That appeal was submitted on a stipulation of facts. Briefs were filed on the issue of law.

As to each of the other appeals, counsel for importers have represented that the facts, in all material respects, and the issue of law are the same as in reappraisement 281439–A. Defendant stated in open court both its consent to suspension of these appeals under reappraisement 281439–A and its objection to consolidation with that appeal. By consent to suspension, defendant is understood to represent, under rule 16, that a common issue of law is involved in the cases. Rule 38 empowers the court to order consolidation of actions involving a common question of law, and this was done.

If the decision here is for plaintiffs on the issue of law, proofs should be taken as to the quantity, price, and amount of the disputed charges of each litigated entry. If decision here is for defendant, remand for such proofs is unnecessary.

The facts in reappraisement No. 281439–A have been stipulated as follows:

1. That the merchandise involved in the above-entitled case consists of cheese exported from Naples, Italy, on or about November 7, 1956.

2. That on or about the time of exportation herein, such or similar merchandise was freely offered by the seller for sale to all purchasers in Rome, Italy, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States at the price of $1.50 per kilo, f. o. b. Naples, Italy, which price included an item of inland freight from Rome to Naples, Italy, in the sum of 32,280 lira, and an item of loading on board in the sum of 21,520 lira.

3. That the merchandise was appraised on the basis of export value, conceded by the parties hereto to be the proper basis for appraisement.

4. That there was no higher foreign value for such or similar merchandise at or about the time of the exportation of the merchandise involved herein.

5. That the only issue involved herein is whether the above items, invoiced as inland freight and loading on board, are part of the statutory export value.

6. That if the items of inland freight and loading on board are part of the statutory value of the imported merchandise, then the appraised value represents the correct export value.

7. If the items included as inland freight and loading on board are not part of the statutory value of the imported merchandise, then the statutory export value is equal to and no greater than the appraised value, less the item of 32,280 lira for inland freight and the item of 21,520 lira for loading on board.

8. That on or about the time of exportation, Rome, Italy, the location of the factory, was the principal market in Italy for such or similar merchandise.

9. That or or about the time of exportation herein, all sales and offers for sale by the seller of such or similar merchandise were made at Rome, Italy, on an f. o. b. Naples, Italy, basis only, and no sales or offers for sale were made by the seller at the factory less the charges for inland freight and loading on board.

10. The consular invoice, Form FS–138, and Summary of Entered Values and Summary of Examination and Appraisement, Customs Form 6417, both used upon entry herein, may be admitted in evidence for all purposes, it being agreed for the instant case only that the said items for inland freight and loading on board, appearing in the consular invoice, are correct.

Plaintiffs' brief seems to assume that the charges for inland freight and loading on board steamer have been added by the appraiser in arriving at export value of the cheese. This, of course, is not the fact. As the stipulated facts show, the appraiser has used as export value the price at which (and only at which) such cheese was freely offered for sale for export to the United States at or about the time of this exportation. All sales and offers to sell were made in the principal market (Rome) at or about the time of this exportation,

at unit prices f. o. b. Naples, the port of exportation. There were no sales or offers to sell at prices *ex* the expense of inland freight and loading.

The facts bring these cases within the rule laid down by our appeals court in *United States* v. *Paul A. Straub & Co., Inc.*, 41 C. C. P. A. (Customs) 209, C. A. D. 553, and *Albert Mottola* v. *United States*, 46 C. C. P. A. (Customs) 17, C. A. D. 689, decided November 5, 1958. I applied the rule laid down in the *Straub* case to a comparable state of facts in *American Commercial, Inc.* v. *United States*, 40 Cust. Ct. 690, Reap. Dec. 9072.

I find as facts:

1. That the merchandise of these consolidated appeals is cheese exported from Italy.

2. That the principal market was Rome.

3. That such merchandise was freely offered for sale in the principal market in the usual wholesale quantities, at or about the times of exportation, for export to the United States, at unit prices f. o. b. Naples, which included the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States.

4. That the appraised values are such prices.

5. That if such or similar merchandise was freely offered for sale in Italy, at or about the times of exportation, to all purchasers for domestic consumption, the prices at which such offerings were made were not higher than the prices at which such or similar merchandise was offered for export.

I conclude, as matter of law:

1. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for valuing the entry merchandise.

2. That the items which are claimed as deduction for inland freight and loading on board are not deductible from invoice prices in determining export value of the entry merchandise.

3. That the export values of the entry merchandise are the appraised values.

Judgment will be entered accordingly.